IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHIRLEY MARSHALL HARRISON INDIVIDUALLY AND DAVID SEAN HARRISON AS REPRESENTATIVE OF THE ESTATE OF DECEDENT JASON HARRISON, Decedent, | § § § § § § § § | |
| vs. | § § § | CIVIL ACTION NO. _____ |
| JOHN ROGERS AND, ANDREW HUTCHINS Defendants. | § § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**NOW COMES** Shirley Marshall Harrison and David Sean Harrison ("Plaintiffs"), complaining of John Rogers and Andrew Hutchins ("Defendants") and will show unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Shirley Marshall Harrison is the mother of decedent Jason Harrison; Plaintiff David Sean Harrison was his brother.

2. Decedent is a citizen of the United States, the State of Texas, and a resident of Dallas County, Texas.

3. Defendant John Rogers is an individual and a police officer with the City of Dallas, Texas Police Department, and may be served with personal process at her place of employment located at Jack Evans Police Headquarters, 1400 S. Lamar Street, Dallas, Texas 75215.

4. Defendant Andrew Hutchins is an individual and a police officer with the City of Dallas, Texas Police Department, and may be served with personal process at her place of employment located at Jack Evans Police Headquarters, 1400 S. Lamar Street, Dallas, Texas 75215.

## JURISIDCTION

5. The action arises under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Title 42 U.S.C. §§ 1983 and 1988.

6. This Court has jurisdiction under these claims pursuant to Title 28 U.S.C. §§ 1331 and 1343.

## VENUE

7. Venue is proper pursuant to Title 28 U.S.C. § 1391(b)(1) in that the Defendant resides and the cause of action arises in the Northern District of Texas, Dallas Division.

## NATURE OF ACTION

8. This is an action to recover for violations of the Decedent's constitutional rights and/or privileges or immunities guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Title 42 U.S.C. §§ 1983 and 1988.

## CONDITIONS AND PRECEDENTS

9. All conditions precedent to jurisdiction have occurred or been complied with.

## FACTS

10. On June 14, 2014, Shirley Marshall Harrison called 9-1-1- for a crisis intervention team. Her adult son Jason suffered from schizophrenia. During the decades that he lived with her under her care, Jason, 39, had been in an out of mental health facilities. Likewise, the police

had been to the Harrison home a hundred times or more without incident, as it was well-known in the home and community that Jason was nonviolent.

11. Before 11:30 a.m., Defendants John Rogers and Andrew Hutchins of the Dallas Police Department arrived at Decedent's home in the marked patrol units. Both were in uniform, and all times relevant to this action were acting under color of law.

12. Marshall Harrison heard a knock at the door, and answered. When she opened the door, she was met by Defendants. Shortly thereafter, her son, Jason Harrison appeared in the doorway. He was not armed with any knives, or firearms or any deadly weapons, but was holding a small Phillips head screwdriver.

13. Defendants were armed with Tasers, batons, and their service weapons.

14. Defendants immediately reached for their firearms, and shot Harrison only seconds later.

15. At the time of the shooting, Harrison had made no threats against either officer.

16. The autopsy indicates Harrison suffered multiple gunshots, including two to his back.

17. His mother, who witnessed the shooting from a short distance away, could not believe that the officers shot and killed her son.

18. Following the shooting, Marshall Harrison publicly stated that decedent had not threatened the officers, and that homicide was unjustified.

19. The Defendants and the Department made public statements to the media that decedent "lunged" at one or both of them.

20. In the aftermath of the shooting, the Dallas Police Department has stated that, at least, one of the officers was wearing a "body cam" that recorded footage of the incident. The

Department has publicly asserted that the footage is consistent with the officers' account of the incident.

21. Months before the shooting, in November 2013, the Department enacted a policy enacted that allowed officers involved in shootings the right to remain silent for up to 72 hours. They are also allowed to review any surveillance footage before providing statements.

22. Despite this policy, Rogers and Hutchins contradict themselves in a manner that suggests that the body cam footage is inconclusive, or at odds with the claims of the Defendants that the shooting was justified.

23. In court filings made elsewhere, Defendant Hutchins unequivocally states that Harrison "suddenly jabbed the screwdriver" at Rogers, and then "appeared to make the same movement" toward himself (Hutchins).

24. On the other hand, Defendant Rogers unequivocally states that Harrison "suddenly jabbed the screwdriver" at Hutchins, and then "appeared to make the same movement" toward himself (Rogers).

25. Despite multiple requests by Decedent's counsel for the footage, it has not been released.

26. At all times related to this incident, Jason Harrison had committed no criminal offense.

27. At all times related to this incident, Jason Harrison had not been charged with a offense, nor had he resisted arrest of any officer.

## CAUSES OF ACTION

### Violation of Constitutional Rights

28. The factual allegations contained in all of the paragraphs of this Original Complaint are hereby incorporated and re-alleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

29. Defendants willfully and maliciously shot Jason Harrison with their firearms, despite having no legitimate reasons for doing so.

30. The force used by Defendants was recklessly excessive and caused decedent serious bodily injury.

31. Defendants exercise of established policies and customs violated decedent's clearly established rights under the United States Constitution to:

    a. freedom from unreasonable seizure;

        i. by using deadly force against decedent who was unarmed;

        ii. by using deadly force against Decedent who was not resisting;

        iii. by using deadly force against Decedent who had committed no criminal offense;

        iv. by using deadly force against Decedent who had not evaded arrest;

        v. by using deadly force against Decedent who had surrendered to a show of lawful authority; and

        vi. by continuing to use deadly force against Decedent when he was laying on the ground unarmed.

    b. freedom from the use of unreasonable, unnecessary, and excessive force;

        i. by shooting Decedent who was unarmed;

    ii.      by shooting Decedent who was not resisting;

    iii.    by shooting Decedent who had committed no criminal offense;

    iv.    by shooting Decedent who had not evaded arrest;

    v.     by shooting Decedent who had surrendered to a show of lawful authority;

    vi.    by using deadly force against decedent who was unarmed;

    vii.   by using deadly force against Decedent who was not resisting;

    viii.  by using deadly force against Decedent who had committed no criminal offense;

    ix.    by using deadly force against Decedent who had not evaded arrest;

    x.     by using deadly force against Decedent who had surrendered to a show of lawful authority; and

    xi.    by continuing to use deadly force against Decedent when he was laying on the ground unarmed.

32. Alternatively, Defendants violated established policies and customs of the Dallas Police Department, and likewise violated Decedents' clearly established rights under the United States Constitution to:

    c.     freedom from unreasonable seizure;

        i.      by shooting Decedent who was unarmed;

        ii.     by shooting Decedent who was not resisting;

        iii.    by shooting Decedent who had committed no criminal offense;

        iv.    by shooting Decedent who had not evaded arrest;

        v.     by shooting Decedent who had surrendered to a show of lawful

        authority.

   d.    freedom from the use of unreasonable, unnecessary, and excessive force;

        i.    by shooting Decedent who was unarmed;

        ii.    by shooting Decedent who was not resisting;

        iii.    by shooting Decedent who had committed no criminal offense;

        iv.    by shooting Decedent who had not evaded arrest;

        v.    by shooting Decedent who had surrendered to a show of lawful authority.

   e.    and the right to medical care for injuries received while in custody;

        i.    by not calling 911 or emergency medical services after shooting Decedent;

        ii.    by delaying contacting EMS after shooting Decedent; and

        iii.    by handcuffing Decedent after he had been shot.

## Wrongful Death

33.    The factual allegations contained in all of the paragraphs of this Original Complaint are hereby incorporated and re-alleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

34.    As the survivor of Jason Harrison, Plaintiff Shirley Marshall Harrison has an action for wrongful death action based on the facts stated.[1] She expressly pleas that claim.

## Survivor Action

35.    As stated previously, Defendant's negligence and tortious conduct caused the injuries to Jason Harrison. As the heir, Shirley Marshall Harrison, and as legal representative of

---

[1] Tex. Civ. Prac. & Rem. Code §§ 71.001-71.012.

Plaintiffs' Original Complaint                                                                Page 7 of 10
*Shirley Marshall Harrison et al. v. John Rogers and Andrew Hutchins*

the estate of the decedent, David Sean Haarrison, have a cause of action for the personal injuries suffered by Jason Harrison, including to his health, dignity and reputation before his death.[2] She expressly pleas that claim.

36. No administration is necessary in this action, because the (1) estate has no debts or all debts have been paid and (2) the distribution of the estate's property has been resolved.

## DAMAGES

37. Decedent was killed during this incident. Evidence indicates that he suffered conscious pain for an a significant period of time before his death from this homicide.

38. As a consequence of Defendants' wrongful acts as described above, Decedent has suffered actual and consequential damages exceeding the minimum jurisdictional limits of this Court.

39. As a direct and proximate result of Defendants' acts and omissions as heretofore alleged, Jason Harrison suffered physical impairment, excruciating pain, mental anguish, medical treatments and death. The estate is therefore entitled to recover all reasonable and necessary medical and funeral expenses incurred for the care, treatment and burial of Jason Harrison that resulted from the tortious acts of Defendants. In addition, the Estate of Jason Harrison has an action for the injuries suffered, including but not limited to the disfigurement, humiliation, past pain and suffering, mental anguish and physical capacity suffered as a result of the incident.

40. Furthermore, as the only son of decedent, Plaintiff Shirley Marshall Harrison, has suffered wrongful death damages for her individual (1) pecuniary loss, (2) mental anguish, (3) loss of companionship and society and (4) loss of inheritance. Such damages include but are

---

[2] Tex. Civ. Prac. & Rem. Code §§ 71.021.

not limited to past and future lost earnings, past and future mental anguish damages, and other actual and consequential damages that are determined under trial of the merits.

## EXEMPLARY DAMAGES

41. Decedent would further show that the acts and omissions of Defendants herein were committed with malice or reckless indifference to the protected rights of decedent.

42. In order to punish said Defendants for engaging in unlawful vicious attacks, and to deter such actions and/or omissions in the future, Decedent also seeks recovery of exemplary damages from Defendant.

## ATTORNEYS' FEES

43. Decedent is further entitled to receive reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

44. Decedent respectfully demands that this action be tried before a jury.

## CONCLUSION

45. In conclusion, Decedent respectfully urges that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Decedent against the Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, attorneys' fees; together with pre- and post-judgment interest as allowed by law; costs of court; and such other further relief to which the Decedent may be entitled at law or in equity.

Respectfully submitted,

By: /s/ Geoff J. Henley
Geoff J. Henley
Texas Bar No. 00798253
ghenley@henleylawpc.com
R. Lane Addison
Texas Bar No. 24073258
rladdison@henleylawpc.com

**HENLEY & HENLEY, P.C.**
3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
Telephone #: (214) 821-0222
Facsimile #: (214) 821-0124

**ATTORNEYS FOR
SHIRLEY MARSHALL HARRISON
AND THE ESTATE OF JASON
HARRISON**